UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL DALE HALL, <br><br> Plaintiff, <br><br> v. <br><br> HELVEY & ASSOCIATES, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br><br> CASE NO. 3:17-cv-00488 <br><br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DANIEL DALE HALL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of HELVEY & ASSOCIATES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and maintains significant contacts within the Northern District of Indiana.

**PARTIES**

4. Plaintiff is a 47 year-old natural "person" as defined by 47 U.S.C. §153(39).

5. Defendant represents itself as "a leader in providing business process outsourcing (BPO) solutions to our clients, with a focus on accounts receivable management and contact center services"[1] from its office at 1029 East Center Street, Warsaw, Indiana.  Defendant is a third party debt collector that is in the business of collecting consumer debts for others, including debts allegedly owed by Plaintiff

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.  In the spring of 2016, Plaintiff began receiving calls to his cellular phone, (989) XXX-0417.  *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

9.  At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0417.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. When Plaintiff answers Defendant's phone calls, he experiences a recorded message notifying him that he needs to make a payment on an alleged debt.  *See* Exhibit A.

---

[1] http://www.hlv.com/index.html

2

11. On other answered phone calls from Defendant, Plaintiff experiences a noticeable pause, lasting a few seconds in length, before a live representative begins to speak.  *Id.*

12. Upon speaking with Defendant, Plaintiff is informed that it is seeking to collect upon an outstanding debt owed on a consumer energy bill.  *Id.*

13. In the meantime, Plaintiff was diagnosed with colon cancer and began receiving social security disability payments.  *Id.*

14. With the additional medical expenses Plaintiff incurred, he experienced financial hardship and explained his situation to Defendant.  *Id.*

15. Upon Defendant's refusal to work out a solution with him, Plaintiff demanded that it stop contacting him.  *Id.*

16. Plaintiff has reiterated his demands on subsequent phone calls from Defendant.  *Id.*

17. Despite Plaintiff's demands, Defendant has continued to relentlessly call his cellular phone up until the date of the filing of this complaint.  *Id.*

18. Defendant has even threatened Plaintiff with a lawsuit and garnishment on a number of instances, including the threat of legal fees and imposing a lien on his home.  *Id.*

19. Defendant mainly calls Plaintiff's cellular phone using the phone number (855) 804-5716.  *Id.*

20. Upon belief, the above phone number ending in 5716 is regularly used by Defendant when it places outgoing collection phone calls to consumers.

21. Defendant has called Plaintiff's cellular phone multiple times during the same day, even after being told to stop calling.  *Id.*

22. Plaintiff has received not less than 75 phone calls from Defendant since asking it to stop calling.  *Id.*

23. Going through cancer and recovering from surgeries, Defendant's phone calls have added a great deal of stress to Plaintiff's daily life and have worsened his overall physical condition.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

25. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $63.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss. *Id.*

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though full set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and it has been a member of the ACA, an association of debt collectors, since 1952.[2]

---

[2] http://www.acainternational.org/search#memberdirectory

4

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1), §1692d, d(2), d(5)

33. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(1), "if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except to advise the consumer that the debt collector's further efforts are being terminated."

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

35. Defendant violated §1692c(a)(1) and d when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 75 times after being told to stop contacting him. This repeated behavior of systematically calling Plaintiff's phone over and over after he demanded that it cease contacting him was harassing and abusive. Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

36. In addition, 15 U.S.C. §1692d prohibits specific behavior, such as:

> "The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." §1692d(2)

> "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." §1692d(5)

37. Defendant violated §1692d(2) and d(5) when it continuously called Plaintiff after being notified to stop, and threatened him with illegal actions. During phone calls with Defendant, Plaintiff was told that if he did not make a payment, there would be a lawsuit filed again him and

he would incur legal fees. In addition, Defendant violated the FDCPA by telling Plaintiff that it would garnish his disability wages as well as place a lien on his home. This language is naturally harassing to any person who hears it, as the threat of being sued or having a lien imposed on one's home would cause an individual to feel scared and threatened. Defendant engaged in this behavior in an attempt to compel Plaintiff to make a payment. These threats are in violation of the FDCPA, as even if Plaintiff failed to make payment, Defendant had no intention of filing a lawsuit, and the threat of legal fees and the imposition of a lien on his home have no basis under the law. Nevertheless, Defendant made these statements and continued its harassing conduct, calling Plaintiff over 75 times after being told to stop.

38. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

    **b.  Violations of FDCPA § 1692e**

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5)
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

41. Defendant violated §1692e, e(5), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Despite being told to stop calling, Defendant continued to relentlessly contact Plaintiff over 75 times. Instead of ceasing this behavior, Defendant continued to systematically place calls to Plaintiff's cellular phone in a deceptive attempt to force him to

answer its calls and ultimately make a payment. Defendant called Plaintiff multiple times during the same day, and even threatened Plaintiff with a lawsuit, garnishment, and a lien on his home if he failed to make payment.  Defendant had no intention of taking these actions, and could not legally do so.

42. In addition, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so.

    c.  **Violations of FDCPA § 1692f**

43. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

44. Defendant violated §1692f when it unfairly and unconscionably attempted to collect upon a debt by continuously calling Plaintiff after being notified to stop.  Attempting to coerce Plaintiff into payment by placing voluminous phone calls without his permission is unfair and unconscionable behavior.  Despite Plaintiff's efforts, Defendant continued its unfair conduct of placing calls to his cellular phone.  These means employed by Defendant only served to worry and confuse Plaintiff.

45. As pled in paragraphs 22 through 27, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DANIEL DALE HALL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

46. Plaintiff repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

48. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. The recorded message that Plaintiff hears when he answers Defendant's phone calls is instructive that an ATDS is being utilized to generate the phone calls. In addition, the noticeable pause, lasting a few seconds in length, which Plaintiff experiences before he is connected with a live representative is indicative of an ATDS. Finally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

49. Defendant violated the TCPA by placing mass phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to the originator of the consumer debt, which Defendant will likely assert transferred down, was specifically revoke by Plaintiff's numerous demands that it cease contacting him.

50. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

8

51. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DANIEL DALE HALL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

52. Plaintiff repeats and realleges paragraphs 1 through 51 as though fully set forth herein.

53. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

54. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

9

55. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

56. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

57. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

58. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting him but refused to do so. Any consent Plaintiff may have given to the original party of interest was explicitly revoked by his numerous demands that Defendant cease contacting him. However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to extract payment from him.

59. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Once Plaintiff initially made his wishes known, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, however, Defendant continued its deceptive conduct. Not only did Defendant's phone calls continue, but it also made several threats to Plaintiff, which it had no intention of carrying out. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

60. In violating the TCPA, Defendant also violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts or representations on the list. A claim may be based only on an enumerated act, and not a representations at all." *Anderson v. O'Leary Paint Co.*, 2011 U.S. Dist. LEXIS 110837 at 17.

61. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff.  Defendant intended that Plaintiff rely on its illegal behavior.  The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

62. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)."  I.C. 24-5-0.5-4(a)(1)(2).

63.  Although unsuccessful, Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him.  However, Defendant's conduct is an incurable deceptive act of which notice would not remedy.  The fact that Defendant was provided with multiple notices to stop calling and refused to abide by said notices, evidenced by calling Plaintiff at least 75 times, shows that its behavior is incurable and that it has no intention of curbing its behavior.

64. Defendant conducts the above described behavior on a wide and frequent basis.  This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls.  Every call uses some of the phone owner's time and mental energy, both of which are precious.

65. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 22 through 27, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including expending money on a cellular phone application in an attempt to quell Defendant's phone calls.  Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, DANIEL DALE HALL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 21, 2017                                          Respectfully submitted,

s/ Nathan C. Volheim                                          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                         Counsel for Plaintiff
Admitted in the Northern District of Indiana                  Admitted in the Northern District of Indiana
Sulaiman Law Group, Ltd.                                      Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150                                900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523                                     Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)                                   (630) 575-8181 x110 (phone)
(630) 575-8188 (fax)                                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                      thatz@sulaimanlaw.com